IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**MICHAEL L. ADAMS and DON W. STRONG,**

    **Plaintiffs,**

v.

**HOME DEPOT USA, INC., d/b/a/ THE HOME DEPOT,**

    **Defendant.**

05-CV-1798-ST

**ORDER**

**TOM STEENSON**
**ZAN TEWKSBURY**
Steenson, Schumann, Tewksbury, Creighton & Rose, P.C.
500 Yamhill Plaza Building
815 S.W. Second Avenue
Portland, OR 97204
(503) 221-1792

    Attorneys for Plaintiffs

1- ORDER

**PAUL M. OSTROFF**
**LEAH C. LIVELY**
**ERIC D. WILSON**
**D. MICHAEL REILLY**
Lane Powell, P.C.
601 s.w. Second Avenue, Suite 2100
Portland, OR 97204
(503) 778-2100

       Attorneys for Defendant

**BROWN, Judge.**

    Magistrate Judge Janice M. Stewart issued Findings and Recommendation (#106) on September 5, 2007, in which she recommended the Court grant in part and deny in part Defendant Home Depot's Motions for Summary Judgment (#49, #54).  In particular, the Magistrate Judge made the following recommendations:

    1.    To deny Home Depot's Motion against Adams's First and Fourth Claims for Relief because there are triable issues of fact as to whether race was a motivating factor in the decision to terminate Adams's employment;

    2.    To deny Home Depot's Motion against Strong's First, Second, and Fourth Claims for Relief because there are triable issues of fact as to whether race and/or age were motivating factors in the decision to suspend and/or to terminate Strong's employment as well as the decision not to hire Strong for full-time employment;

    3.    To grant home Depot's Motion against Adams's Third Claim for Relief because Adams failed to meet his *prima facie* burden to show he engaged in the protected conduct of complaining about race discrimination;

    4.    To deny Home Depot's Motion against Strong's Third Claim for Relief because there are triable issues of fact as to whether Strong's protected conduct in complaining about race and age discrimination was a

2- ORDER

          motivating factor in the decisions surrounding Strong's suspension;

5. To grant Home Depot's Motion against Adams's Sixth Claim for Relief because Adams failed to show any causal link between his on-the-job injury and the decision to discharge him;

6. To grant Home Depot's Motion against Adams's Fifth Claim for Relief on the theories related to race discrimination because Adams has adequate remedies available under 42 U.S.C. § 1981 and on the theory related to workers compensation discrimination because it is precluded by Or. Rev. Stat. § 659A.040;

7. To grant Home Depot's Motion against the part of Strong's Fifth Claim for Relief on the theories related to age discrimination because Strong has adequate remedies available under 42 U.S.C. § 1981 but to deny the Motion against the same claim on the theory of age discrimination because the available remedies under the ADEA are not adequate;

8. To grant the Motion to the extent Adams seeks front and back pay after September 30, 2005, because Adams did not show any causal relationship between Home Depot's decision to take adverse employment actions against him and his personal decision to relocate to a smaller job market because of family concerns; and

9. To grant the Motion to the extent Strong sought front and back pay because Strong's counsel conceded this point at oral argument.

Although Defendant Home Depot filed Objections to the Findings and Recommendation (#107, #109) to the extent the Magistrate Judge denied Home Depot's Motions, Plaintiffs did not object to those portions of the Findings and Recommendation adverse to them.

After supplemental briefing by the parties, the matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1) and

3- ORDER

Federal Rule of Civil Procedure 72(b).

When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report.  28 U.S.C. § 636(b)(1).  *See also United States v.* Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*); *United States v. Bernhardt*, 840 F.2d 1441, 1444 (9th Cir. 1988).

This Court has carefully considered the Objections of Defendant Home Depot and also has reviewed the pertinent portions of the record *de novo*.  The Court concludes Defendant's Objections do not provide a basis to modify the Findings and Recommendation.  Moreover, the Court does not find any error in the Magistrate Judge's Findings and Recommendation.

## CONCLUSION

Accordingly, the Court **ADOPTS** Magistrate Judge Stewart's Findings and Recommendation (#106) and, therefore, **GRANTS in part** and **DENIES in part** Defendant's Motions for Summary Judgment(#49, #54).

IT IS SO ORDERED.

DATED this 19th day of December, 2007.

/s/ Anna J. Brown

_____

4- ORDER

                                              ANNA J. BROWN
                                              United States District Judge

5- ORDER